# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

    **Plaintiff,**

**vs.**                                                        **Case No. 4:19cv280-MW/CAS**

**JUDGE ANDREW DECKER, III,**
**et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on June 20, 2019, by submitting a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Four days later Plaintiff submitted an "emergency motion child taken illegally." ECF No. 5.

Plaintiff's financial affidavit demonstrates that Plaintiff lacks the resources to pay the filing fee for this case. Good cause having been shown, ECF No. 2, the motion is granted and Plaintiff will not be required to pay the filing fee to bring this case.

Plaintiff's complaint, ECF No. 1, has been reviewed to determine if this Court has jurisdiction over this action. Plaintiff brings this case against four Defendants: one is a current judge, one is a former judge, the third Defendant is the "Madison County Court," and the final Defendant is an individual identified as Zachary Taylor Daniel who appears to reside in Tennessee. *Id.* at 4-5. The issues raised in the complaint concern enforcement of a state court domestic violence order of protection, a child custody dispute, issues concerning parental responsibility and visitation.

Plaintiff alleged that in June 2018, the Florida First District Court of Appeal reversed part of an order entered by Judge Decker which gave Defendant Daniel visitation with Plaintiff's minor child. ECF No. 1 at 7-9.[1] Plaintiff states that following that reversal, a hearing was held in July to consider visitation. *Id.* at 10. It appears that on remand, Judge Decker

---

[1] In Smith v. Daniel, 246 So. 3d 1279, 1280 (Fla. 1st DCA 2018), the court held that the trial court abused its discretion "by failing to accord full faith and credit due the Kentucky Domestic Violence Order of Protection." The court reversed a "portion of the 'Final Judgment of Dissolution of Marriage with Dependent or Minor Child' relating to shared parental responsibility and parenting time" and remanded with instructions "to reconsider, and if necessary, to take additional evidence on and make findings concerning, the Kentucky Domestic Violence Protection Order and the best interests of the child, as those factors directly affect the issues of shared parental responsibility and parenting time." Smith, 246 So. 3d at 1281. Plaintiff submitted a copy of that Order, ECF No. 5-1 at 20-23, as well as the Order of Protection which was entered in Calloway County, Kentucky, on November 25, 2015, and was "effective" for three years, until November 25, 2018. ECF No. 5-1 at 12.

gave Defendant Daniel "full custody of the minor child." *Id.* at 11. Plaintiff contends that Defendant Decker entered a "fraudulent order" which incorrectly cited dates, made false statements, and was based on wrong facts. *Id.* at 10-14. Plaintiff notes that she again filed an appeal to the First District Court of Appeal, but that court "refused to uphold their own opinion and mandated, and affirmed the new order without opinion." *Id.* at 14. Plaintiff's Rule 60 motion was also denied. *Id.* at 15.

Plaintiff alleged that after she had visitation with the child in April 2019, she mailed unspecified "court papers" to Defendant Daniels, the child's father, with a noted stating "she was not returning the minor child to him." *Id.* at 15. The day after that note was delivered, Defendant Daniels arrived with law enforcement who advised Plaintiff that they would get a warrant for her arrest. *Id.* at 16. Another court hearing was held, this time before Defendant Judge Olin, who did not permit Plaintiff to "talk at the hearing." *Id.* Judge Olin permitted Defendant Daniels to take the minor child across state lines. Subsequently, Plaintiff has sought to have Judge Olin recuse herself and appears to be seeking to overturn that order. *Id.* at 17-21.

In the instant complaint, Plaintiff seeks to challenge the orders entered by state court judges Decker and Olin.  She contends they violated 18 U.S.C. § 2265, 18 U.S.C. § 2262, her First Amendment rights, due process rights, and her right to equal protection.  *Id.* at 23-25. Plaintiff claims Defendant Daniels has violated 18 U.S.C. § 922(g) because he has guns in his home.  *Id.* at 23.  She further claims Defendant Daniels committed "stalking and harassment" in violation of 18 U.S.C. § 2261A by contacting the minor child's speech therapist and violated 18 U.S.C. § 1621 by committing perjury when he "lied on his court papers and in court."  *Id.* at 23-24.  As relief, Plaintiff seeks the immediate return of the minor child to the state of Florida, charges to be brought against the Defendants for violating federal law, and for an investigation to be conducted concerning corruption in the Madison County Court.  *Id.* at 22.

This is not Plaintiff's first lawsuit in this Court concerning her dissolution of marriage and interrelated issues about child custody.  She has previously filed four other cases and should be well aware that this Court lacks jurisdiction over this matter.  *See* case numbers 4:17cv110-MW-CAS, 4:17cv111-WS-CAS, 4:17cv369-MW-CAS, and 4:18cv393-MW-CAS.  The result of this case must be the same as Plaintiff's prior cases.

Case No. 4:19cv280-MW/CAS

First, federal courts traditionally refrain "from exercising authority over matters broadly described as 'domestic relations.'" U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996) (citing Barber v. Barber,[2] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)).  It has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody cases.  Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (concluding "that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also* Barber v. Barber, 62 U.S. 582, 584, 16 L. Ed. 226 (1858) (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony").  In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890), was a child-custody dispute in which a grandfather claimed he was illegally imprisoned because the father was wrongfully given custody.  The Supreme Court held that "[t]he whole subject of the domestic relations

---

[2] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony.  62 U.S. at 584.

Case No. 4:19cv280-MW/CAS

of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." <u>Burrus</u>, 136 U.S. at 593-594.

Here, Plaintiff's claims challenge state court proceedings which have decided child custody and visitation disputes. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." <u>Ankenbrandt</u>, 504 U.S. at 704, 112 S. Ct. at 2215.

Moreover, this Court lacks authority to modify, vacate, or overrule orders entered by a state court judge.  This Court does not sit as an appellate court.  The proper method to challenge an order from state court is to file an appeal with the appropriate Florida District Court of Appeal. Plaintiff is well aware of that method because she has already done so. Judicial notice is taken that Plaintiff has filed numerous challenges to the decision of the state court.  *See* <u>Smith v. Daniel</u>, No. 1D19-2098, 2019 WL 2539364, at *1 (Fla. 1st DCA, June 20, 2019) (denying petition for writ of mandamus); <u>Smith v. Daniel</u>, No. 18-8559, 2019 WL 1383652, at *1 (May 13, 2019) (U.S. Supreme Court denied petition for writ of certiorari); <u>Smith

Case No. 4:19cv280-MW/CAS

v. Daniel, No. 1D19-1390, 2019 WL 1987269, at *1 (Fla. 1st DCA, May 6, 2019) (denying Rule 60 motion and "Emergency Time Sensitive Motion for Stay of Fraudulent Order"); Smith v. Daniel, 266 So. 3d 141 (Fla. 1st DCA 2019), *reh'g denied* (Mar. 18, 2019), cert. denied, No. 18-8559, 2019 WL 1383652 (U.S. May 13, 2019).  Having lost in her appeal, Plaintiff may not turn to the federal courts to seek additional review.  This Court lacks jurisdiction to review final orders issued by state court judges.

As Plaintiff has been advised previously, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  That is precisely Plaintiff's claim in this case.  Because the *Rooker-Feldman* doctrine prohibits this Court from overturning

the decision of a state court judge, Plaintiff's complaint must be dismissed and her "emergency motion" denied.

Finally, to the degree Plaintiff requests that charges be brought against the Defendants for violating federal law, this Court cannot provide Plaintiff with relief.  The federal statues Plaintiff cited are under Title 18 and govern criminal offenses for "interstate violation of protection order," 18 U.S.C. § 2262; "stalking," 18 U.S.C. § 2261A; "full faith and credit given to protection orders," 18 U.S.C. § 2265, and "unlawful acts" concerning firearms, 18 U.S.C. § 922.  Plaintiff, however, is private citizen.  It is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another."  Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted).  Put simply, a private citizen does not have the right to compel either a state of the federal government to enforce its laws or prosecute a crime.  Diamond, 476 U.S. at 65, 106 S. Ct. at 1705; *see also* Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another); Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (stating "that, in American

jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, Plaintiff's requests for relief cannot be granted.

Accordingly, it is **ORDERED** that Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of subject matter jurisdiction and her "emergency motion," ECF No. 5, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ.**

**P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**