## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

     **Plaintiff,**

**vs.**                            **Case No. 4:19cv280-MW/CAS**

**JUDGE ANDREW DECKER, III,**
**et al.,**

     **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an "emergency motion for temporary restraining order." ECF No. 7. This motion, supported by a sworn affidavit, was filed on June 26, 2019.

Plaintiff initiated this case on June 20, 2019, by submitting a complaint, ECF No. 1. Four days later Plaintiff submitted an "emergency motion child taken illegally." ECF No. 5. A Report and Recommendation was just recently entered on June 25, 2019, concerning the motion and Plaintiff's case initiating complaint. ECF No. 6. It would appear that Plaintiff had not yet received that Report and Recommendation, ECF No.

6, prior to submitting the instant emergency motion, ECF No. 7.  Due to the

seriousness of Plaintiff's allegations within the motion, ECF No. 7, the

motion has been addressed rather than ignored in light of the first Report

and Recommendation, ECF No. 6.

As Plaintiff has been advised, she cannot file a federal case to seek

to overturn orders entered by state court judges.  *See* ECF No. 6.  That is

what she sought to do in this case.  This Court is barred by the *Rooker-*

*Feldman* doctrine from reviewing final decisions of a state court.  *Id.* at 7.

She has also been advised in this case, and in her four previously filed

cases *(see* case numbers 4:17cv110-MW-CAS, 4:17cv111-WS-CAS,

4:17cv369-MW-CAS, and 4:18cv393-MW-CAS) that this Court lacks

subject matter jurisdiction over this action.  Federal courts are not the

proper avenue for filing cases concerning domestic issues such as divorce,

alimony, or child custody.  Ankenbrandt v. Richards, 504 U.S. 689, 703,

112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (concluding "that the

domestic relations exception, as articulated by this Court since Barber,

divests the federal courts of power to issue divorce, alimony, and child

custody decrees."); *see also* Barber v. Barber, 62 U.S. 582, 584, 16 L. Ed.

226 (1858) (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"). In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890), was a child-custody dispute in which a grandfather claimed he was illegally imprisoned because the father was wrongfully given custody. The Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594.

Plaintiff's motion raises serious concerns for the safety of her son, and herself.  However, these issues must be presented to a state court or law enforcement. "[S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 704, 112 S. Ct. at 2215.  This Court is unable to provide Plaintiff with relief on her motion because the Court lacks jurisdiction over this case.

Case No. 4:19cv280-MW/CAS

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's "emergency motion

for temporary restraining order," ECF No. 7, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific written
objections to these proposed findings and recommendations.  Fed. R.
Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other
parties.  A party may respond to another party's objections within
fourteen (14) days after being served with a copy thereof.  Fed. R. Civ.
P. 72(b)(2).  <u>Any different deadline that may appear on the electronic
docket is for the Court's internal use only and does not control.</u>  If a
party fails to object to the Magistrate Judge's findings or
recommendations as to any particular claim or issue contained in this
Report and Recommendation, that party waives the right to challenge on
appeal the District Court's order based on the unobjected-to factual and
legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**